IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAYCEE WISE,** | : | CIVIL NO. 1:CV-10-0792 |
| Petitioner | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **DAVID J. EBBERT,** | : | |
| Respondent | : | |

## MEMORANDUM ORDER

Petitioner Jaycee Wise, at the time an inmate confined at the Federal Correctional Institution at Allenwood, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  (Doc. No. 1.)  Petitioner contends that his constitutional rights were violated in the context of a disciplinary hearing.  For the reasons that follow, the petition will be dismissed based on Petitioner's failure to exhaust the Federal Bureau of Prisons' ("BOP") administrative review process.

In his habeas petition, Petitioner challenges disciplinary action taken against him with respect to a March 19, 2010 incident report charging him with interfering with staff in the performance of their duties.  (Doc. No. 1 ¶ 2.)  Following an April 1, 2010 hearing before a Disciplinary Hearing Officer ("DHO"), Petitioner was found guilty of the charged misconduct and sanctioned with twenty-seven days disallowance of good conduct time, forfeiture of non-vested good conduct time of sixty days, thirty days of disciplinary segregation, the loss of telephone and visiting privileges for eighteen months, and a disciplinary transfer.  (Id. ¶¶ 6-7.)

Respondent seeks the dismissal of the petition on the basis that Petitioner has failed to exhaust his administrative remedies.  (Doc. No. 10 at 1.)  "Federal prisoners are ordinarily

---

[1] Petitioner has since been transferred and is currently confined at the United States Penitentiary at Atlanta, Georgia.

required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

The BOP has in place an administrative remedy process whereby an inmate may seek formal review of a complaint related to any aspect of his imprisonment. Appeals of a DHO decision must be submitted initially to the BOP Regional Director for the region where the inmate is currently located. See 28 C.F.R. § 542.14(d)(2). The inmate may further appeal an adverse decision to the BOP Central Office. See 28 C.F.R. § 542.15. No administrative remedy appeal is considered to have been fully and finally exhausted until it has been denied by the BOP's Central Office. See Moscato, 98 F.3d 759-60 n.2 ("Appeal to the Office of the General Counsel is the final administrative appeal in the [BOP].").

Respondent submits the affidavit of Senior Attorney Joseph McCluskey to support his claim that Petitioner failed to administratively exhaust. McCluskey is employed at the Federal Correctional Complex at Allenwood, Pennsylvania, and has access to information maintained by the BOP's SENTRY computer system, as well as access to documents, files and electronic records pertaining to federal inmates. According to the McCluskey affidavit, a search was conducted on September 28, 2010, to determine whether Petitioner exhausted available administrative remedies regarding the disciplinary action at issue in this case. (Doc. No. 10-3,

Ex. 1, McCluskey Decl. ¶ 9.) According to McCluskey, the records demonstrate that Petitioner filed a total of twenty-one administrative remedies during his incarceration with the BOP. (Id. ¶ 10; Attach. B.) Four of these remedies were filed after April 1, 2010, the date the DHO conducted the hearing that Petitioner challenges in his habeas petition. (McCluskey Decl. ¶ 10; Attach. B at 2.) While all four of these remedies appealed or attempted to appeal the DHO's decision at issue in this case, three of the four were rejected for procedural defects. (McCluskey Decl. ¶ 10; Attach. B at 10-12.)

The only administrative remedy not rejected was Remedy No. 585953-R2, which was filed by Petitioner with the BOP Regional Office on April 26, 2010. (McCluskey Decl. ¶ 11; Attach. B at 11; Attach. C, Administrative Remedy Appeal and Response). The BOP Regional Office denied this appeal on May 26, 2010. Although Petitioner could have filed a timely appeal of the BOP Regional Office's decision to the Central Office within thirty days of May 26, 2010, his appeal was not filed until July 12, 2010. (McCluskey Decl. ¶ 11; Attach. B at 11.) The Central Office rejected the appeal as untimely, and advised Petitioner that he could resubmit the appeal within fifteen days along with staff verification that his untimeliness was not his fault.

Petitioner resubmitted the appeal (Remedy No. 585953-A2) on August 12, 2010, without the staff verification. (Attach. B at 12.) The Central Office again rejected the appeal and instructed Petitioner that he could resubmit the appeal within fifteen days with the staff verification. (Id.) BOP records reveal that Petitioner did not resubmit the appeal. (McCluskey Decl. ¶ 12.)

The Court finds that it must dismiss Petitioner's habeas petition for failure to exhaust his administrative remedies. First, the BOP records demonstrate that Wise did not file any

challenges to the DHO proceeding in issue until the date he filed the instant habeas petition with this Court.[2]  Thus, the petition is subject to dismissal on the basis that he failed to exhaust administrative remedies <u>prior</u> to the initiation of this action.  Furthermore, even if the steps he had taken in an attempt to exhaust his claims were completed prior to the filing of this petition, Petitioner still failed to pursue these administrative remedies to exhaustion.  The only administrative remedy challenging the DHO proceedings that was presented to the final level of appeal was with respect to Remedy No. 585953-R2.  The Central Office rejected the appeal as untimely and permitted Petitioner time to resubmit the appeal with the required staff verification.  However, Petitioner never did so.  As such, he failed to exhaust his administrative remedies.

Any claim by Petitioner that exhaustion is futile in this case must be rejected.[3]  He appears to argue that although he is challenging the disciplinary action against him and the resulting loss of good time credit, he is actually challenging the BOP's prohibition with respect to an inmate's possession of UCC documents.  However, the record clearly reflects that Petitioner was not sanctioned for possession of such documents.  He was sanctioned for sending a threatening letter to a staff member.  Petitioner concedes this fact in his petition and admits that he did commit the act.

The habeas petition must be dismissed for failure to exhaust available administrative remedies.  **ACCORDINGLY,** on this 31st day of March, 2011, it is hereby **ORDERED** that:

---

[2] Petitioner filed this action on April 14, 2010, the same day he made his first attempt at appealing the disciplinary action in issue through the administrative remedy process. (McCluskey Decl. ¶ 13; Attach. B at 2.)

[3] Although the Court gave Petitioner leave to do so (Doc. No. 6 ¶ 4), Petitioner did not file a reply to Respondent's answer.

1. The petition for writ of habeas corpus (Doc. No. 1) is **DISMISSED** due to Petitioner's failure to exhaust the administrative review process.

2. The Clerk of Court is directed to close this case.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania
